UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA OLIVIERI,

                                  Plaintiff,

      -against-

STIFEL, NICOLAUS & COMPANY,
INCORPORATED, NEIL ISLER, and
ROBERT CODIGNOTTO, *in their individual
and professional capacities*,

                                 Defendants.
------------------------------------------------------------------------X

**For Online Publication Only**

**ORDER**

21-CV-0046 (JMA) (ARL)

FILED
CLERK

3:55 pm, Mar 31, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is the motion of Plaintiff Patricia Olivieri ("Plaintiff") for reconsideration and vacatur of this Court's March 28, 2022 Order (the "March 28 Order" (ECF No. 32)) pursuant to Federal Rule of Civil Procedure 60(b)(2), and leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Through the March 28 Order, this Court granted in part and denied in part the motion of Defendants Stifel, Nicolaus & Company, Inc. ("Stifel"), Neil Isler ("Isler"), and Robert Codignotto ("Codignotto," and together, "Defendants") to compel Plaintiff to arbitrate her instant claims against Defendants. Following the enactment of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the "EFAA"), Plaintiff filed the instant motion. For the following reasons, Plaintiff's motion is GRANTED.

**A.**    **Background**

      The Court assumes familiarity with the background of this case, which is set forth in both the March 28 Order and Plaintiff's proposed Second Amended Complaint ("PSAC"), the latter of which is considered true for purposes of this Court's amendment analysis. (*See* ECF Nos. 32, 45.) On or about January 5, 2021, Plaintiff brought the instant employment action against her current employer (Stifel), asserting claims of sexual harassment, hostile work environment, and retaliation

under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. (See ECF No. 1.) On May 20, 2021, Plaintiff filed an Amended Complaint adding claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et seq., and including Isler an individual Defendant. (See ECF No. 19.) On June 16, 2021, Plaintiff filed a Supplemental Complaint naming Codignotto as a Defendant.[1] (See ECF No. 23.)

On June 23, 2021, Defendants moved to compel Plaintiff to arbitrate the instant claims; the motion was fully briefed on August 13, 2021. (See ECF Nos. 25-30.) While Defendants' motion to compel arbitration was pending, on March 3, 2022, the EFAA was signed into federal law and provides, in pertinent part, that a plaintiff "alleging conduct constituting a sexual harassment dispute or sexual assault dispute" may elect to render a pre-dispute arbitration agreement applicable to their case invalid and unenforceable. (See Pub. L. No. 117-90; codified 9 U.S.C. § 402.) Of particular import here, the EFAA "appl[ies] to any dispute or claim that arises or accrues on or after the date of enactment of this Act[, March 3, 2022]." (Id.) Through the March 28 Order, the Court granted Defendant's motion to compel arbitration. (See March 28 Order.)

On April 11, 2022, Plaintiff filed a pre-motion letter seeking reconsideration of the March 28 Order, which Defendants opposed. (See ECF Nos. 33, 34.) On August 15, 2022, Plaintiff filled the instant motion seeking: (1) reconsideration and vacatur of the March 28 Order based on the EFAA's passage; and (2) leave to file a Second Amended Complaint; the motion was fully briefed on September 23, 2022. (See ECF Nos. 44-46, 51-52.) Plaintiff contends that Defendants' ongoing

---

[1] In her Amended and Supplemental Complaints, Plaintiff alleges that she was subjected to – and reported to Stifel's human resources department – sexual harassment by Isler from approximately June 2018 through October 2020. After Isler learned that Plaintiff had reported the harassment, he allegedly retaliated against her because she would not engage in non-work discussions with him, and falsely reported to Codignotto that Plaintiff had reported to Isler that Codignotto had made inappropriate comments to Plaintiff. Codignotto thereafter allegedly stopped assisting Plaintiff regarding her complaints, resulting in her developing anxiety that forced her to use a paid time off ("PTO") day on October 5, 2020. Based on these allegations, Plaintiff alleges that she was subjected to a retaliatory hostile work environment beginning in or about October 2020, and running through at least May 20, 2021 – the date Plaintiff filed her Amended Complaint. (See generally ECF Nos. 19, 23.)

retaliatory conduct[2] constitutes continuing violations which continue to accrue after the passage of the EFAA, thus triggering its application, and warranting reconsideration of the March 28 Order pursuant to Rule 60(b)(2).  (See generally ECF No. 46.)

B.      Legal Standards

   1. Motions to Amend

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also TechnoMarine SA v. Giftports, Inc., 756 F.3d 493, 505 (2d. Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."); Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion."). The liberal amendment standard permits plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer."  RCX I, LLC v. Pitter-Nelson, No. 11-cv-03513, 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks, citation and alterations omitted).

Conversely, a Rule 15 motion should be denied where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  Amaya, 285 F.R.D. at 253; see also Agerbink v. Model Serv. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) ("a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile.").  The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. See

---

[2] Plaintiff contends that she was subjected to a retaliatory hostile work environment continuing through and beyond March 3, 2022 – the date of the EFAA's enactment. (See generally ECF No. 44.)

3

Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12-cv-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) (quoting Cummings-Fowler v. Suffolk Cty. Cmty. Coll., 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

### 2. Motions for Reconsideration

Federal Rule 60 "prescribes procedures by which a party may seek relief from a final judgment." Azeez v. City of New York, No. 16-cv-342, 2021 WL 3578500, at *6 (E.D.N.Y. Aug. 13, 2021) (quoting House v. Sec'y of Health & Hum. Servs., 688 F.2d 7, 9 (2d Cir. 1982)). Rule 60(b) provides the following six independent grounds, upon which federal courts may grant relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); cf. Gil v. Frantzis, No. 17-cv-1520, 2019 WL 5694074, at *5 (E.D.N.Y. Aug. 22, 2019), report and recommendation adopted, 2019 WL 4784674 (Oct. 1, 2019); see also Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005).

Granting a motion pursuant to Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally…require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" Thai-Lao Lignite (Thai.) Co. v. Government of the Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017) (alterations in original) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). "The decision whether to grant a party's

4

Rule 60(b) motion is committed to the sound discretion of the district court." <u>Stevens v. Miller</u>, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation and citation omitted).

**C.    <u>Discussion</u>**

    **1.  Plaintiff's Motion to Amend**

Plaintiff initially seeks leave to file the PSAC, which: (1) sets forth her allegations of ongoing and continuing post-EFAA conduct in furtherance of her hostile work environment and retaliatory hostile work environment claims; and (2) seeks to name a pair of Stifel employees – Julie Gaffney ("Gaffney") and Christina Scelta ("Scelta") as individual defendants in this matter. (<u>See generally</u> PSAC.)  In opposition, Defendants contend that Gaffney's and Scelta's inclusion in this action would be futile under Rule 15(a).  The Court disagrees.

As noted above, amendments under Rule 15(a) are generally favored because they "tend to facilitate a proper decision on the merits[,]" <u>Sokolski v. Trans Union Corp.</u>, 178 F.R.D. 393, 396 (E.D.N.Y. 1998), and leave to amend "should only be denied because of undue delay, bad faith, futility, or prejudice to the non-moving party." <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co.</u>, 404 F.3d 566, 603 (2d Cir. 2005).  Moreover, the party opposing amendment bears the burden of establishing that it would be prejudicial or futile.  <u>See</u> <u>Joinnides</u>, 2015 WL 1476422, at *9.

The Court initially concludes that Plaintiff's proposed amendments were not unduly delayed and would not prejudice Defendants.  Indeed, given the relatively early stages of this litigation, as well as Plaintiff's continuous pre-discovery update of her allegations against Defendants – including through the instant motion – Defendants cannot claim undue delay.  <u>See</u>, <u>e.g.</u>, <u>U.S. Small Bus. Admin. v. Feinsod</u>, No. 17-cv-3586, 2021 WL 707079, at *6 (E.D.N.Y. Feb. 4, 2021 ("A motion to amend a complaint is considered timely filed if submitted in the pleading stage and prior to the commencement of discovery.").

5

Defendants similarly cannot claim prejudice at this juncture, as discovery has not yet commenced, see Hadid v. City of New York, 182 F. Supp. 3d 4, 8 (E.D.N.Y. 2016) ("Undue prejudice exists where an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of a dispute."), and Plaintiff's instant additional allegations are related to those set forth in her prior pleadings. See Feinsod, 2021 WL 707079, at *8 (citing A.V. by Versace Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (amendment permitted since there was no prejudice where no trial date was set, nor was discovery completed, and amended factual claims were related to original complaint)).

Finally, Defendants have failed to demonstrate that Plaintiff's PSAC is futile as to Gaffney or Scelta. Indeed, the PSAC alleges facts that support holding both liable for aiding and abetting Defendants' allegedly ongoing discrimination and retaliation against Plaintiff in violation of Section 296(6) of the NYSHRL, which makes it unlawful for "any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."[3] (See generally PSAC.)

According to the PSAC, Gaffney, a Stifel human resources associates, directly participated in Stifel's efforts to conceal the unlawful discrimination and retaliation against Plaintiff, through advancing knowingly false excuses for Stifel's behavior and allegedly "ignore[ing] Ms. Olivieri's protected complaints about ongoing retaliation and harassment and, instead, knowingly attempt[ing] to cover up the Company's unlawful behavior." (PSAC ¶¶ 225, 229, 252.) Gaffney also allegedly refused to address Plaintiff's concerns regarding disparate treatment with respect to Stifel's PTO policy and instead directed Plaintiff to seek clarifications from one of her alleged

---

[3] In determining whether a plaintiff asserts a plausible aiding and abetting claim, courts assess whether the allegations support an inference that the individual defendant "participate[d] in the conduct giving rise to a discrimination [or retaliation] claim." Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 106, n.10 (2d Cir. 2011) (citations and quotation marks omitted).

6

harassers (Codignotto) while being aware that "interactions with Mr. Codignotto would cause severe distress and trauma to Ms. Olivieri." (PSAC ¶ 254.)

The PSAC further alleges that Scelta, one of Stifel's operations managers, assisted in Stifel's efforts to retaliatorily dock Plaintiff's PTO in a more restrictive manner than Stifel did with Plaintiff's colleagues. (PSAC ¶¶ 221-23.) Scelta purportedly did so while being "aware that her docking of Ms. Olivieri's pay was a deviation from Company practice and did so to support and advance Stifel's hostile and retaliatory campaign against Ms. Olivieri." (PSAC ¶ 223.) Further, Scelta purportedly participated in Stifel's efforts to exclude Plaintiff from meetings, and ignored Plaintiff's emails, calls, and requests for work-related supplies. Id. at ¶¶ 206, 247-48, 250.

Based on the above, the Court finds that Plaintiff has plausibly pled factual allegations that, if borne out through the discovery process, could establish Gaffney's and Scelta's liability for aiding and abetting Defendants' allegedly ongoing discrimination and retaliation against Plaintiff, thus shielding her proposed amendments from Defendants' allegations of futility. See, e.g., Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) (a proposed amendment is futile only if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss); Barry v. Macy's, Inc., No. 20-cv-10692, 2022 WL 1104847, at *8 (S.D.N.Y. Apr. 13, 2022) (same). Accordingly, Plaintiff is granted leave to file her proposed Second Amended Complaint.

**2. Plaintiff's Motion for Reconsideration**

Plaintiff argues that both the EFAA's enactment and its application to the PSAC's allegations – neither of which were before the Court at the time of the March 28 Order – warrants reconsideration of that Order pursuant to Rule 60(b)(2). (See generally Pl. Mem.) Specifically, Plaintiff contends that Defendants' ongoing retaliatory conduct, as set forth in the PSAC, constitutes continuing violations which continue to accrue after the EFAA's passage, thus triggering its application to her claims. (Id.) For the reasons stated below, the Court finds

7

Plaintiff's argument persuasive, in that she has satisfied the "strict" standard for reconsideration. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Therefore, her motion is granted.

Federal Rule of Civil Procedure 60(b)(2) allows a court to vacate a previously entered final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered." Fed. R. Civ. P. 60(b)(2).[4] Motions brought pursuant to this rule are generally disfavored and only "properly granted only upon a showing of exceptional circumstances." United States ex rel. Brutus Trading, LLC v. Std. Chartered Bank, No. 18-cv-11117, 2021 WL 4772142, at *4 (S.D.N.Y. Oct. 13, 2021) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)); see also Reese v. McGraw-Hill Cos., Inc., 293 F.R.D. 617, 621 (S.D.N.Y. 2013), aff'd sub nom. Reese v. Bahash, 574 F. App'x 21 (2d Cir. 2014).

Courts in this Circuit will grant motions for reconsideration if: (i) there has been a change in the law; (ii) new evidence is available; or (iii) there is a need to correct a clear error or prevent manifest injustice. See Peconic Baykeeper, Inc. v. Harvey, No. 13-cv-6261, 2021 WL 4755623, at *5 (E.D.N.Y. May 21, 2021), report and recommendation adopted in part, 2021 WL 4472645 (E.D.N.Y. Sept. 30, 2021) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Put differently, courts evaluating reconsideration motions consider matters "that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257. Applying these standards, the Court concludes that Plaintiff has demonstrated that the combination of: (1) the EFAA's enactment; and (2) Defendants' allegedly ongoing retaliatory conduct against Plaintiff, justify reconsideration and vacatur of this Court's March 28 Order.

---

[4] While the underlying March 28 Order is not a "final judgment" under of Rule 60(b), the Second Circuit has observed each district court's "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment, whether they be oral, or written," United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982) (internal citations omitted), and multiple courts within this Circuit have relied on Rule 60(b)'s framework and principles to entertain and analyze procedurally deficient reconsideration motions. See, e.g., Stern v. Highland Lake Homeowners, No. 18-cv-4622, 2021 WL 1164718, at *5 (S.D.N.Y. Mar. 26, 2021); Gill v Hoadley, No. 01-cv-323, 2007 WL 1341468, at *5 (N.D.N.Y. May 4, 2007). This Court does so as well.

Under the EFAA, a plaintiff "alleging conduct constituting a sexual harassment dispute or sexual assault dispute" may elect to render a pre-dispute arbitration agreement applicable to their case invalid and unenforceable. Moreover, the EFAA applies "to any dispute or claim that arises or accrues on or after the date of [the EFAA's] enactment…." Pub. L. No. 117-90. The parties' instant disagreement centers around whether the EFAA applies to Plaintiff's claims. The parties offer competing interpretations of the term "accrue." Plaintiff argues that her claims fall under the EFAA because they relate to a sexual harassment dispute and presently continue to accrue. Defendants counter that Plaintiff's claims accrued prior to the EFAA's enactment, rendering it inapplicable. The Court disagrees.

Given that the EFAA was enacted just over one year ago, there is sparse interpretive caselaw. To this end, the nearly twenty cases that have discussed the EFAA – as well as the EFAA's text itself – make clear that it applies only to claims that accrued on or after March 3, 2022. See, e.g., Marshall v. Hum. Servs. of Se. Texas, Inc., No. 21-cv-529, 2023 WL 1818214, at *3 (E.D. Tex. Feb. 7, 2023) (EFAA not retroactive; affirming arbitration award related to claims that accrued before March 3, 2022); Woodruff v. Dollar Gen. Corp., No. 21-cv-1705, 2022 WL 17752359, at *3-4 (D. Del. Dec. 19, 2022) (same); Steinberg v. Capgemini Am., Inc., No. 22-cv-489, 2022 WL 3371323, at *2 (E.D. Pa. Aug. 16, 2022) (same). Moreover, of those cases, none – as far as the Court can discern – involved an alleged continuing violation that spanned both before and after the effective date of the EFAA.

In the EFAA context, at least one court in this Circuit has observed that "a claim normally 'accrues' when 'the plaintiff has a complete and present cause of action." Walters v. Starbucks Corp., No. 22-cv-1907, 2022 WL 3684901, at *3 (S.D.N.Y. Aug. 25, 2022) (quoting Rotkiske v. Klemm, 140 S. Ct. 355 (2019)).

9

Where, as here, the "continuing violation" doctrine purportedly applies to a plaintiff's claims, it is well-settled that those claims accrue on the day of the last act in furtherance of the violation. See, e.g., DeSuze v. Carson, 442 F. Supp 3d. 528, 544 (E.D.N.Y. 2020), aff'd sub nom. DeSuze v. Ammon, 990 F. 3d 264 (2d. Cir. 2021) ("a claim alleging an ongoing policy or practice accrues at the time of the last action in furtherance of it"); Hauff v. State Univ. of New York, 425 F. Supp 3d. 116, 134 (E.D.N.Y. 2019) (a hostile work environment claim does "not accrue until the last act in furtherance of the allegedly discriminatory practice"); Rosen v. N.Y.C. Dep't of Educ., No. 18-cv-6670, 2019 WL 4039958, at *5 (S.D.N.Y. Aug. 27, 2019) (last act that "contributed to the hostile working environment" considered "the data of accrual"). The court in Walters suggested that, for purposes of the EFAA, hostile work environment claims could—in accordance with well-established continuing violation precedent—"accrue" as of the date of the "last act that is part of the hostile work environment." Walters, 2022 WL 3684901, at *3. The Court concludes that the term "accrue" should be interpreted in accordance with these well-settled accrual principles that apply to harassment claims—the very claims that are the heart of the EFAA.[5]

As addressed above, Plaintiff's PSAC asserts conduct allegedly perpetrated by Defendants in continuation of her previously asserted claims. Indeed, not only does Plaintiff's PSAC plausibly assert claims that "relate to" her underlying sexual harassment claims, as required by the EFAA,

---

[5] In reaching this conclusion the Court rejects Defendants' argument that the above interpretation inappropriately treats "accrual" as a special term of art rather than giving it its plain meaning. Indeed, the term "accrual" is most often used in the context of determining when a claim accrues for purposes of the statute of limitations. Interpreting the term "accrual" in the same manner that it is used in its primary context makes sense. Moreover, the Court declines to read "accrue" narrowly due to the proffered interpretative canon about retroactivity. As noted above, the EFAA does not regulate primary conduct, render previously lawful conduct unlawful, or potentially impose additional penalties retroactively. The EFAA simply concerns which forum certain claims should be heard and does not trigger retroactivity concerns that might, in other contexts, weigh in favor of adopting a narrower interpretation of the term "accrue." See Landgraf v. USI Film Prod., 511 U.S. 244, 280–81, 114 S. Ct. 1483, 1505 (1994) (explaining that statutes that change procedural rules—including the right to a jury trial—and statutes that "conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed" do not raise retroactivity concerns).

but hostile work environment claims are, by their very nature, claims of ongoing and continuing conduct. See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117-18 (2002) ("Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct [and]…cannot be said to occur on any particular day. It occurs over a series of days or perhaps years"); Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 220 (2d Cir. 2004) ("A claim of hostile work environment is timely so long as one act contributing to the claim occurred within the statutory period.").

In light of these facts and caselaw, the Court concludes that Plaintiff's claims have continued to accrue after the EFAA's March 3, 2022 enactment, by virtue of Defendants' alleged ongoing conduct. Based on these findings, the Court concludes that the EFAA applies to Plaintiff's claims and vacates its March 28 Order that Plaintiff's claims be arbitrated; Plaintiff's claims will be adjudicated in this Court.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration and vacatur of this Court's March 28 Order and leave to file a Second Amended Complaint is GRANTED in its entirety. Plaintiff's Second Amended Complaint shall be filed no later than May 1, 2023.

**SO ORDERED.**

Dated: March 31, 2023
Central Islip, New York

                 /s/   (JMA)
                 JOAN M. AZRACK
                 UNITED STATES DISTRICT JUDGE